Be seated. Mr. Nettles. May it please the Court. I'm Bill Nettles from the Federal Public Defender's Office in South Carolina. There's a Bill Nettles that's a prosecutor down there too, isn't there? Bill Nettles happens to be the U.S. Attorney in the District of South Carolina. That's what I thought. So his name's on the plea agreements and my name's on the plea agreements. Sometimes it gets confusing. We'll keep you straight. There's some rumor that at cocktail parties, you introduce yourself as the U.S. Attorney. Is there any truth to that at all? It is true, Your Honor. I don't blame you. I don't blame you. I've fired many people in the U.S. Attorney. I don't blame you. Your Honor, this is a... The issue before this Court today is whether assault and battery of a high and aggravated nature of South Carolina common law offense is a violent felony under the Armed Career Criminal Act. It is a very important issue to all federal criminal law practitioners in the State of South... in the District of South Carolina because the issue recurs very, very frequently. And you can see from a lot of the unpublished decisions in this circuit how often it does occur. I think... I will start out by addressing DeKalb. I think DeKalb's changed the way this Court has traditionally analyzed the assault and battery of high and aggravated nature offense. Under DeKalb's, of course, it's an elements-based approach. You can't look at conduct at all. And under some of the older Fourth Circuit opinions which predate DeKalb's, there was a specific view to looking towards conduct, especially under the modified categorical approach. And this came about largely because, I think, of the Sixth Circuit's case of McFaul, of United States v. McFaul, which held that assault and battery of high and aggravated nature was not categorically a crime of violence. And after that... I'm sorry, violent felony. And after that, courts then... Because it could be committed recklessly. And after that, courts then went to look at the Shepard-approved documents to determine whether the offense was committed recklessly or purposefully and the case turned on the specific conduct, whether it was purposeful or not. But now I think under DeKalb's, the analysis is this. Do the elements of assault and battery in high and aggravated nature satisfy the force clause of the Armed Career Criminal Act? And it's clear... I thought this was the residual. Well, I was just going through the analysis. I can focus just on the residual clause also. But I think it's clear that in South Carolina, an assault and battery can be accomplished with rude or offensive touching in an angry manner. It involves all manner of touching, not just violent force, as the Supreme Court has said must satisfy the use of force prong of the Armed Career Criminal Act. Under the residual clause of the Armed Career Criminal Act, of course, because Abhan... I hope you'll forgive me for calling it Abhan instead of going through the length of time. That's fine. Because Abhan can be committed recklessly, the case is governed by beguet and not governed by cites. And under beguet, a generic offense has to be violent, purposeful, and aggressive. And it has to be like the enumerated offenses that are in the residual clause, burglary, arson, use of explosives. And I think most of the courts of appeals have said that if an offense can be committed recklessly, like Abhan, then it is categorically excluded as a violent felony under the residual clause. And so I think because Abhan can be committed recklessly, it would be categorically excluded. And that would also be true even if assault and battery of a high and aggravated nature were a divisible common law offense under the camps. Are you saying that the modified categorical approach doesn't apply here? I'm saying the modified categorical approach does not apply because it can be committed recklessly. But it doesn't apply here. Only the categorical approach applies, which is what Judge Harwell did. Well, let me go back and say that it doesn't make any difference which one applies in this case. This court would not have to determine whether it's categorically violent or not. The question wasn't that. He asked what you were saying, not that either one applies. You think the result would be the same, but which do you think it is, modified categorical or categorical? I think that Abhan is a non-divisible common law offense and the court has to apply. But the camps wasn't that non-divisible common law offense. No, sir. The camps was not. You say the camps controls, but the camps was a statutory offense. The camps was a statutory offense, Your Honor. It did not cabin its holding to statutory offenses in this court. And I think the case of Carthorn, which was an assault and battery of a police officer offense where assault and battery was defined by common law, applied the camps to those elements. So I do think that the camps controls the situation. So you think it's categorical? I think it's categorical because the offense itself is non-divisible. Has anybody, any court of appeals yet held that the camps controls in this situation where there's a common law offense? Your Honor, I'm not really sure about that at this point. Do you know of any? Well, I'll be able to tell you on reply. I can't think of any right now. You don't know any right now. If you've got any on reply, you can come up with one. Yeah, that would be good. But under the camps, the analysis has to be, first you have to determine whether or not it's divisible or non-divisible. And I do think assault and battery in high enough. And the camps, they said it was a non-divisible statute? That was a non-divisible statute. You say this is a non-divisible common law offense. Yes, sir. Is that what you're saying? Yes, sir. That's right. And the reason for that is if you have assault and battery accompanied by circumstances of aggravation, the circumstances of aggravation are listed generally by way of examples. In all the cases, it says inter alia, these things, these things, this thing, this thing, this thing, and it has a litany of things. And the cases are clear that those are a non-exhaustive list. It's unlike a statute where a rule of statutory construction would be if you have a list of things, it excludes all things that aren't listed. But because of the nature of common law offenses, they evolve over time and they're sort of fact specific and they evolve to meet the specific facts of the case. And what these circumstances of aggravation are, are illustrations or different ways in which the crime of assault and battery and high and aggravated nature can be committed. They are not separate, divisible offenses. And you can see by the Beedon case that I cited in my brief, it's an old case, but it establishes how the offense of assault and battery and high and aggravated nature got started, how it evolved. And then if you go to the latest case that came out a couple of weeks ago, I think the name of it was Cabrera-Umanza, which dealt with a statutory offense that had to do with sex crimes and they had a catch-all provision in the statute that said, and any other sex offense qualifies. Well, Judge Traxler writing for the court in that case said, no, those are just examples. Those are just different ways the crime can be committed. Those aren't different crimes. And I liken the individual circumstances of aggravation to what Judge Traxler was talking about, that catch-all provision. Do you think Judge Traxler's opinion helped you? I do, sir. He also relied on DeCamps and Gomez. Well, Gomez was decided prior to DeCamps. Right, but if Gomez is our case. Yes, it is. Yes, it is. And Gomez specifically, to be fair, Gomez specifically left the question open as to whether or not, you know, the approach which DeCamps ultimately ended up with this divisible, indivisible statutory looking at that and then determining what the elements are, it left open the question of whether or not that applied to common law offenses. The dissent in that case said, look, of course it applies to common law offenses. When this proceeding or this sentencing took place, DeCamps and Judge Traxler's case had not been decided. The judge didn't have a benefit to all this stuff. No, sir. He did not. He did not. He was applying law that was extended at that time and where the court looked at conduct, but because this particular defendant pled to an offense that was not charged in the indictment, the judge said, well, I can't consider what the Shepard document says, the indictment, so I have to rule that it's violent or not based solely under the categorical. Is that the way they normally do it in South Carolina? Wouldn't they plead to the ab hand as a lesser offense if they don't file an information or a superseding or anything? In South Carolina, you can plead to anything you want to as long as you sign your sentencing sheet. It's not jurisdictional. You can. That's just the way it is. There's a case that says it. I can't remember the name of the case, but there's a case that says that. Isn't it true as well in a practical sense? Did you practice in state courts ever? I have. It's been a long time since I did. Isn't it correct that in South Carolina courts that if the solicitor, who's the district attorney, and the defense lawyer and the defendant agree, the court doesn't care? Oh, that's true. They will take the plea, and isn't it also true? That's right. Isn't that correct? And isn't it also true they are sometimes, on occasion, less than rigorous with any recitation of facts and whether or not those facts fit the elements of the crime? I would agree with that, and they're less than rigorous with a bunch of things related to the proceeding. I don't want to get you in trouble with your fellow lawyers, and I don't want to get myself shunned at cocktail parties if I ever go to one from the higher judges in South Carolina. But in this, you've laid out the legal argument, but isn't this a practical argument, especially when you're looking at a state like South Carolina and the practices I've just outlined? We are now spending lots of time trying to find out what an ab-hand conviction means in South Carolina, and sometimes it doesn't mean a doggone thing, does it? I agree with you, Judge. I mean, the problem is you've got an offense like ab-hand, which is sort of fact-specific, and then you've got this formalistic... But my point is this. Even if it's fact-specific, don't you think... Isn't it clear there could be occasions in South Carolina where somebody pleads guilty to ab-hand, and it's just because that carries the potential sentence that everybody agreed was appropriate, and it may not have anything to do with the underlying facts of the offense? That's exactly correct. When they negotiate in South Carolina to get to a certain... They really negotiate to a sentencing range or sentence that everybody can live with. That's correct, and that's sort of what the policy arguments that DeCamps was talking about. The defendant doesn't have any incentive to object to anything that's said at the plea or anything. All he wants is what his time is going to be. Now, it's been years since I've done it, but when I observed it, at some point in light of such an agreement, the judge would make the defendant stand up and say there was no agreement and he hadn't been promised anything, when in fact it is he had been promised that if he pled to this, he would only get two years in jail or something. Isn't that true, too? If you say so, Judge. Okay, have you ever seen that? I've seen where the court goes to the formalistic. Have you been promised anything? Well, in fact it is. I see the defendants kind of look at the lawyer like, why do I say? You say no, but everything is based on, and the whole prosecution system except for really unusual cases, it's all done by agreement really in South Carolina, isn't it? Well, a lot of it is, Your Honor. I mean, I would. You're saying the plea agreements normally aren't written? No, sir, there are never any written plea agreements. Never written? I would say that that would be the exception, the great exception. There are no, it's not like the federal court at all. And there would just be, like Judge Shedd, there would be a conversation between the two lawyers and the judge and they'd get it worked out and they'd come out and put it on the record and go forward. And that's the way it generally works. And in this case, I mean, you don't even have a transcript that you could even look to to see which, if Abhan was divisible, which particular divisible separate offense. So you really don't have much by way of Shepard documents. We don't have anything because he didn't even, he didn't plead to what he was charged with. He pled assault and battery in high and aggravated nature. He was charged with assault with intent to kill, and assault and battery in high and aggravated nature wouldn't even be a lesser-included offense of assault with intent to kill. So the plea is not even to the conduct or the charge defense in the indictment. But if you're right that the modified categorical, because of the camps and the other authorities, the modified categorical approach doesn't apply here, can't be applied here, though what we have to decide is whether the Abhan is categorically a violent felony under the ACCA, right? Yes, sir. And Judge Hardwell said it was. He said it was because he looked at a case called Peterson, which done. And we say that's where we are, isn't it? That's where we are, yes, sir. That's where we are. The government has a different, more refined position, and the judge's position is going to be represented here, too. But that's basically where you are on it. Yes, sir. Because it has to be categorical, and categorically you've got to win. You've got to win because it doesn't qualify under the use of force clause by its elements, and recklessness, it can be committed recklessly, so it wouldn't qualify under the – it wouldn't be a generic offense under the residual clause. That's correct. All right. Thank you, Mr. Nettles. Thank you, sir. Mr. Booth? Good morning, and may it please the court. Yes. Good to see you again, Mr. Booth. Thank you very much, Judge King. Hemingway's conviction for assault and battery of a high and aggravated nature under South Carolina law called Abhan was a violent felony under the modified categorical approach pursuant to the residual clause of the Armed Career Criminal Act. The record reflects that he was convicted of Abhan with a deadly weapon under an attempted battery theory. That is an intentional crime that categorically presents a serious potential risk of physical injury to another under the residual clause of the ACCA. I'd like to make four points. One, Abhan is a divisible crime under discounts. Two, Abhan is not categorically a violent felony. Three, the sentencing sheet in the indictment established that Hemingway pleaded guilty to the assault and deadly weapon variant of Abhan. And four, assault with a deadly weapon again categorically presents a substantial risk of serious physical injury to another. But number two is Abhan is not categorically a violent felony? Categorically, the Abhan offense, the umbrella offense of Abhan, is not categorically a violent felony. And that is because either under the force clause or under the residual clause, there are some variants of Abhan that can be committed with a mental state no higher than recklessness. And that's where you all abandoned the judge here. That's where we abandoned the judge. In addition, with respect to the residual clause, not only do we... Not only do we rely on the recklessness theory, but again, for purposes of the categorical... Come up here and defend the judge. I do most of the time. All right, I know you do. There is at least one variant of Abhan, the shame and disgrace assault, that in our view could not categorically present a serious potential risk. So you abandoned that. So you say it's not categorical. Then how do you win? Because in our view, the offense of assault with a deadly weapon, which corresponds to generic aggravated assault, is the offense for which the defendant pleaded guilty to. You're saying that the Abhan... I hate to interrupt you there, but you also said earlier that the Abhan is divisible. That is correct. Which is contrary to what Mr. Nettle's position is. He says it's like the camp statute. It's an indivisible... Common law crime, and you say it is a divisible common law crime, correct? Yes, and I have three particular arguments that I would like to make to support that. Number one, Abhan is an offense, is an aggravated assault offense. Previously in cases from this court in which you've construed the Maryland common law assault and battery offense, and then afterwards the statutory assault and battery offense, you have viewed assault and battery as an umbrella offense that covers a wide range of diverse conduct. And you have consistently viewed that wide range of diverse conduct as separate elements, not as means by which one offense is committed. And you have applied the modified categorical rule in those circumstances. So that's point number one. But all those things that you're talking about are also pre-de Camps. Those are all pre-de Camps. Of course, de Camps is a fairly recent decision, and I will have to acknowledge that as of Friday, my Westlaw check did not turn up any decisions from the courts of appeals applying de Camps to a common law crime. They've done it to a lot of statutory crimes, but not to common law crimes. I am relying, first of all, on the fact that historically, you have viewed assault and battery as an umbrella crime comprising different crimes, not simply means by which a single crime is committed. Number two, when you look at the various aggravating circumstances that have been listed by the South Carolina courts, you will notice, for example, that at least with respect to two of them, assault with a deadly weapon and infliction of serious bodily injury, those happen to correspond to the two most common forms of generic aggravated assault. And so we submit that when you look at the way South Carolina has subdivided Abhand into its various variants and that it happens to correspond with generic aggravated assault, our position is they were setting out different elements of crimes, not means by which a single crime is committed. Third point I'd like to make is that in viewing whether something is a means or an element, when various bits of conduct or acts are considered means, they tend to be factually related or similar. But if you look at, for example, the different aggravating circumstances that the South Carolina courts have set forth, many of them don't seem to bear a great deal of relationship to each other in this. Some of them are defined in terms of the intent, for example, the intent to commit another crime. Some of them are defined, for example, in terms of the harm to the victim. And some of them, for example, don't seem to bear much relationship to each other at all. For example, resisting authority and indecent liberties to a female are so totally different that it's hard to believe that they are simply various means by which one offense can be committed. So I would like to say that with respect to the Cabrera case, we would like to easily distinguish it for a number of reasons. First of all, despite the... Is that the Judge Traxler case? That is Judge Traxler's case in which he ruled that the various sexual crimes that appeared in a Maryland statute were simply the means by which one particular crime was committed. Now, he relied essentially on the fact that the Maryland courts had essentially construed the statute that way. Now, first of all, we would like to say, despite the holding, that our view of the scams is that whether something is a means or whether something is an element, in the real world doesn't make all that much difference. But nevertheless, in this particular case, one of the key distinctions between this and the Maryland statute, again, all of the acts that were considered to be means were various forms of sexual behaviors, like incest or sodomy, whereas, again, Abhan has been defined in such various ways so that we believe that each one of those aggravating circumstances, including assault with a deadly weapon, indecent liberties, resisting authority, those are separate elements, and so, therefore, Abhan is... But if they're separate elements, you'd have to prove them all. Well, if they're separate elements, you've got to prove them all to prove the offense. And it's limited. There are alternative ways of establishing aggravation. Right. Take, for example, I agree... I mean, that's what the Supreme Court of South Carolina said. They call them the circumstances of aggravation. But in each case, the government would... In other words, when the government, when South Carolina charges an Abhan, it's not going to charge Abhan by the violent injury component and then do infliction of serious bodily injury, shame and disgrace, and decent liberties. Typically, only one of those particular items is going to be charged as a separate offense. But it's not a particular list of items, either. It's a non-exhaustive list of items. It could be anything. You can't... I agree with you in the sense that they have said it could be. It's non-exhaustive. But if you look at every case that's been decided in South Carolina, every one of them cites those same factors over and over and over again. So, in our view, those particular aggravating circumstances have reached a uniform definition so that, in our view, each one of them is a separate element. Now, take, for example, let me compare this then to the Berkeley... Let me just ask you this question. Do you allow the convictions of Abhan made by way of a plea that didn't meet those conditions? You said every reported case. Isn't it true that the overwhelming number of pleas in South Carolina aren't reported in any kind of way? That's probably true. And it is also true that Abhan, when it comes up in the reported cases, tends to come up in the lesser-included offense context, which is one of the reasons why there's a certain amount of gaps in the law. But do you have anything to represent the court on this point I'm going to ask you? As I discussed with Mr. Nettles, isn't it possible, and maybe to some extent the practice, that people plead guilty to Abhan when their conduct includes nothing that resembles anything close to these elements or circumstances? Doesn't that happen in South Carolina? Judge, since I don't practice exclusively in South Carolina... Am I in a position to say what the actual practice is? I have seen... What if I told you that happens, just for purpose of hypothetical? What if I said there are pleas, there are convictions based on pleas, to Abhan when the circumstances, the factual circumstances, which are not reviewed rigorously, let's say, don't match up to any of those circumstances? Then your view on Abhan would be what? In those particular cases, Judge Shedd, those convictions won't satisfy the violent felony component of Abhan. In this case, however... I'm sorry, are there any further questions on the divisibility point? Because I understand if you rule that this common law offense is indivisible, and therefore only the categorical approach applies, I lose. So it's important at the outset that I establish here that Abhan is a divisible crime. And again, we think it's divisible because the set list of factors are... In fact, they're different from one another. And again, at least two of them correspond to generic aggravated assault, and one of those generic aggravated assaults, assault with a deadly weapon, is the offense for which the defendant was convicted here. And let me tell you why. Let me just stop, and I want to ask you a question, Mr. Booth. It's not clear to me. Are you representing, in your representations, is that for the U.S. Attorney's Office in South Carolina? Is that for Maine Justice? When you say to us that Abhan is not a categorically violent felony, is that the position of the U.S. Attorney's Office in South Carolina? That is the position of the Department of Justice in Washington, and that was communicated to the U.S. Attorney's Office in South Carolina. You have to speak with one voice, don't you? We do speak with one voice. It's the position of the United States. It is the position of the United States. But the reason I ask that, because it's my recollection that the U.S. Attorney's Office in South Carolina, it happens to be a South Carolina case, it could be other U.S. attorneys too, have, at least in the past, represented to this court that Abhan is a categorical crime or violent felony. I understand that. Do you understand that? I understand that, Judge Shedd, and I understand there's several factors at work here. One of them is that in 2010, the Sixth Circuit in McFalls said that Abhan was not categorically, that came out of the guidelines, because of the recklessness state of mind. Listen, I'm not trying to beat you up too much on that point. I'm just trying to clarify, because I've heard people argue for the, I know for the U.S. Attorney's Office in South Carolina. Now I've heard them argue both sides of it. But you're telling us that you're representing, that's the position of the U.S. Attorney's Office, because that is the position of the U.S. Justice Department, which is the position of the United States. In South Carolina, Abhan is not categorically a violent felony. Abhan, not the individual variance, because our position is assault with a deadly weapon has occurred here is. That's the reason that you want to go to the modified categorical approach and say that these are separate elements. But, you know, that elements have to be charged in the indictment. And if there are alternative elements, you have to put them all in there. But it seems to me that you're twisting around what an element really means. I say that because I agree with. You can prove this by use of a deadly weapon, or you can prove it by purposeful infliction of shame. Those are two diametrically opposed things. And one, you say, is violent, and the other one's not. And if you can prove the crime by proving either one of those, then it can't be categorically, that's the end of the story. That is correct, Judge Kline. And how could you go behind it? It takes a little bit of explanation with respect to how South Carolina law allows a defendant to plead to a lesser-included offense. In the federal courts. The only South Carolina lawyer we got here is Mr. Nettles. We've got Washington lawyers down here telling us what South Carolina's going to do. I have, in South Carolina. We've got Mr. Nettles and Judge Shedd. In South Carolina, in the Smalls case, which was an Abhan case, by the way, the defendant was charged with one offense, and he pleaded guilty to Abhan as a lesser-included offense. He signed a sentencing sheet saying that, and the issue went up on appeals whether he could do that. And South Carolina says, yes, you can do that, even though you're not necessarily charged with Abhan. That is okay. I agree in the federal courts. It is an open question as to whether you can plead to a lesser-included offense. So if something is not charged in the indictment, it's a question of whether you can plead guilty to it. But here's the thing. First of all, in South Carolina, you can plead guilty to a lesser-included offense even if it isn't charged. Well, most places you can, but you make a record, and maybe they file an information, and you plead to the information and dismiss the indictment, and you've got a clear record. But in the Smalls case, South Carolina said, you don't have to get a second indictment. All you need to do is get a second. Now, let me tell you what happens in this case, Judge Keene. I'm not speaking for any other case. But they don't do it that way. I mean, you're stuck with that. I mean, South Carolina can do it how they want to do it. Let's look at the indictment in this case. It charges assault with intent to kill. Now, where is that indictment in this case? You've got a page number? Oh, I don't have the page number in the joint appendix. I have it in front of me. Okay. It's not in the appendix? It is in the joint appendix. Oh, okay. In the joint appendix. This indictment alleges assault with intent to kill by means of a pistol. And our position is, if you look at the Barton case, which allows you to look at the indictment when a defendant has pled guilty to a lesser-included offense, this is all I'm asking you to do. You look at the indictment, and you take the Dion Hemingway did and such, unlawfully attempt to commit a violent injury to Carmaine Beatty with. Then you just disregard the rest of those allegations, which correspond to assault with intent to kill, because he pled guilty to a lesser-included offense, and then just go to the pistol, and then leave that. So you end up with unlawfully attempt to commit a violent injury to Carmaine Beatty with a pistol. That just happens to correspond to assault with a deadly weapon. So this record does establish that the defendant pled guilty to an unlawful attempt to commit an act of violent injury with a pistol. And assault with a deadly weapon is generically an aggravated assault, and it is our position that it is categorically a violent felony. In Sykes and Begay, the Supreme Court said that for purposes of the ACA, the whole purpose of that was to identify prior convictions, which would lead a person to believe that a person charged with a 922-G1 would thereafter take a gun and deliberately point it at a victim. Now, what crime would be more paradigmatic of that than a prior conviction with assault with a deadly weapon? Now, the only little problem in this case is that there's abhan in the sentencing sheet. And in my view, there was no battery charge. It should have said ahan instead. But that doesn't make a difference. That B is surplusage. That as long as you have the pistol in this case, the pistol, which we are— Ahan is a different offense. It's just a lesser included abhan. I mentioned— It's another offense in South Carolina. Yes. But all you need— You're not suggesting that assault and battery of a high and aggravated nature is not a violent felony categorically. But assault of a high and aggravated nature is? No, all I'm saying is the variant with a deadly— All I'm saying in this particular case, it is the deadly weapon that transforms— I understand that. But you just suggested it should— I thought you were saying it would be better if it were ahan instead of abhan in the pre-sentence report. I would have been better to say this was assault with a deadly weapon instead of assault— You should have said ahan. Oh, I'm sorry. What I meant was assault with a— But you just said the B doesn't make a difference. That's what you said. Well, the battery, because there's no battery. In other words— Well, doesn't he take— If you take the B out of abhan, don't you get ahan? Yes. Well, I'm just asking you that. Didn't you say ahan? Now you're saying, no, I meant assault with a deadly weapon. Well, that's the sort of the little abbreviation. I'm saying that in this particular case, whether he was convicted of assault and battery with a pistol or assault with a pistol, the result is— Aren't you arguing for an approach in which— You know, the Supreme Court said we're going to go to the categorical approach, basically to save trouble and time of digging in. It hadn't worked too well, has it? Because we argue in these cases time and time again on whether or not they apply. But in the approach you're arguing for, to look at some set of facts that you can consider as a sentencing court, whatever those facts are, but you look to individualized facts rather than some categorical approach, modified, categorical, divisible. I know what the Supreme Court said, but isn't that really the approach you're arguing for? Absolutely not, Judge. I am not asking you to consider any conduct at all. For example, those— It seems to me like you are. You're trying to get—the modified categorical approach is a fact-based approach, and that's what—and DeKalb said we're supposed to use an elements approach and not the fact-based approach. I agree with you, Judge. I mean, that's the thrust, as I understand it, of DeKalb's. That is true. I agree with it entirely. My position is that in South Carolina, abhand by use of a deadly weapon is a separate crime. And in this particular case, all we are saying is look at those allegations of the indictment that an unlawfully attempt to commit a violent injury, those are elements, and a pistol. I'm not asking you to consider any facts whatsoever. Just those allegations that correspond to— But you misunderstood my question. I didn't ask you what you were doing applying the current law. I'm asking if you weren't making the argument that— You may be right on the current law, but it seems to me that you are suggesting a more of a fact-based, individualized crime review makes more sense in determining whether the actions were the kind of actions that justify an enhancement. That's my point. Not that you're going contrary to the law, but getting a more specific fact base in line— Not that it's allowed under the law. I'm sort of just asking a question for you to answer. Isn't that more in line with individualized sentencing anyway? That you look at what a person actually did rather than worry about what lawyers and judges entitled it? You can answer that. Whether individualized sentencing based on the conduct would be more desirable is a matter of policy. Unfortunately, the Supreme Court has said that under DSCAMS, it's an elements-based test. All I'm saying is that this indictment satisfies that because of the pistol allegation. Wait a second, Ed. I'm sorry. The doctor had a question. He didn't plead to this indictment that you read, right? The sentencing sheet indicates that he pled guilty to the indictment to Abhan as a lesser-included offense. That is totally permissible under South Carolina. I cited the Smalls case in my brief. I agree that that's a slightly different procedure than you have in the federal courts. As I said earlier, there is some question as to whether you can plead to a lesser-included offense because under Rule 11, you can plead guilty, not guilty, or nulla contendere. So, yes, if this came up as a federal indictment, that's a different question. However, under South Carolina law, you can do it. And this court in Bethea considered both a sentencing sheet and an indictment to determine whether a defendant had been convicted of an escape offense. So we're basing this essentially on South Carolina procedure, and this procedure was followed in this case. I realize the federal courts are a little different, so I understand a lot of people say, well, he didn't plead to the indictment. But that South Carolina procedure is not explained in the record here anywhere. You're winging it on that. I cited the particular South Carolina case. What's that? In my brief, I cited the South Carolina Smalls case, which involved the situation where a defendant raised a question as to whether or not he could plead to Abhan when he was charged with another offense without having another indictment read. I think the answer to Judge Thacker's question has got to be what? The answer to it is, yes, he didn't plead to the indictment, but it was perfectly legitimate for him to plead the way that he did in this case. No, he didn't plead to the indictment. He pled to a lesser-included offense. They alleged the indictment. I've made my point, Judge Fink. Okay. Very much. Appreciate it, Mr. Booth. Mr. Antony Pallay. Good morning. You may have pleased the court. Justin Antony Pallay is court-appointed because of counsel. I hope it will not surprise the court that I would argue that the district court's judgment was correct. I'm going to start with a brief discussion of discounts and cognizant of my role and the scope of my appointment. I'll start by saying discounts really does support the district judge's decision to apply the categorical approach as opposed to the modified categorical approach. Although discounts involve a statutory offense, and this is a common law offense, I think both the language in discounts and the holding make very clear that with respect to Abhan, the court really could not, as the district court ruled, apply the modified categorical approach. Among other things, it's relatively clear, even reading the circumstances of aggravation as listed in the case law under South Carolina law, that those are not elements. They're just examples of ways in which a party can be liable and guilty for the offense of Abhan. That's especially so when one reads the Gomez case, which follows very closely. So my point on discounts is very narrow, which is it supports the district court's decision that the modified categorical approach really could not be applied with respect to Abhan, especially both as a legal matter and as a practical matter. I think what the court probably sees when it reads the judge's decision is the judge saying, not only legally, but as a practical matter, the way that Abhan is treated in South Carolina, it doesn't make any sense to try to apply the modified categorical approach. And in that sense, discounts completely vindicated the district court's decision to step aside from the modified categorical approach and apply the categorical approach in analyzing this particular statute. I have three major points, actually four, I apologize, four major points to make with respect to why this is categorically a violent felony. I raised the first one softly because I defer to the court, but we've made the point that in Wright and in a number of other cases published and unpublished from this court, a panel of this court seemed to say in what appears to be a holding that Abhan is in fact a categorical, categorically a violent felony. Yeah, but you said the court seems to say in what appears to be a holding. Your Honor, I was cognizant of the circumstances in which those decisions raised. We read them too. We had to say something. You seem to say what appears to be a holding as well. I'll make this point Judge Shedd about Wright, which is I don't think it's fair to just call it dicta. It was in fact required, and a required portion of the court's decision. And so it's not just- When we decide whether or not a court has held something, do we use a categorical, a modified categorical? It's a good point, Your Honor. It's a good point. But it does appear to be that. It appears to be something, maybe if it's not a holding, it's certainly more than dicta because in some cases it looks like it's sort of necessary to where they got. That's exactly right, Judge Shedd. Wright, it's necessary to the holding. It looks like if the court, and I raise it just as a straightforward matter, which is if the panel concludes that it was a holding and it looks like a holding and not dicta, I don't think you can just call it dicta because it was necessary to the decision, then a ruling of whether Abhan is, if a panel was considering ruling that Abhan is not a categorical felony, it has to be done on bond. You think we may be limited by that panel decision? That's my point. We take that point and what's your next point? Okay, great. There's three arguments why- I'm not trying to cut you off. I just want to hear all your points. Not at all, Your Honor. The three points as to why Abhan is in fact a categorical violent felony are it's- we argue only under the residual clause. We are not making any argument under the force clause and I don't believe it was even ruled as a violent felony under the force clause. One, it's similar in kind to the enumerated offenses in ACCA. I hope the court's okay, the panel's okay with my using ACCA, the acronyms. But it's similar in kind to the enumerated offenses listed in ACCA. It's similar in degree of risk to the offenses listed in ACCA. And it fulfills the purpose as enumerated in numerous cases from both the Supreme Court and this panel when looking at the elements of the offense. Now I have to say I'm not a South Carolina practitioner and I have to defer to those who really know how this offense is applied as a practical matter. But on the elements of the offense, a pure element-based analysis, it's clear that it does meet the test. And I'll start with similar in kind. This again, as I read, reading both the Begay case and the Sykes case together, the Supreme Court seems to be saying that if a crime can be sustained on a mens rea, that's strict liability, recklessness or negligence, any of those mens rea, then under Begay, the Begay test comes in when an offense is similar in kind and the court has to determine whether the offense required purposeful, violent, and aggressive conduct. So that's the test and this offense under a South Carolina case is sustainable on reckless conduct. So that means this panel would have to determine that abhan requires purposeful, violent, and aggressive conduct. I'll focus really on the purposeful language because that's what every case really focuses on. And the question is, is reckless conduct sufficient to meet that purposeful test under Begay? And the answer is, and this court has been applying a case-by-case analysis looking at state law. And under South Carolina state law, recklessness requires a finding of conscious disregard of the risk. There is language in the Peterson case which strongly suggests that if the mens rea, which under South Carolina it is, of recklessness requires conscious disregard of a risk, that is in fact purposeful, sufficient to meet the purposeful test under Begay. And I'll make two brief points about Begay. One, there are a number of arguments that have been put forward that there are either holdings or strong suggestions in Supreme Court cases or holdings in Jenkins from this court that there is a bright line rule there's a bright line rule that's been argued that recklessness, that any crime that can be committed recklessly cannot be, can never be a violent felony. I don't think that is a fair reading of those cases. The cases simply say that either, you either have one that's committed intentionally so we don't need to determine, which I think is a fair reading of Jenkins. It's one which the offense had to be committed intentionally so the court did not have to rule whether all reckless crimes could qualify, any reckless crime could qualify as a violent felony. But I think the import of even having the Begay test, the import of having the Begay test at all must be that some reckless crimes could be a violent felony if it meets the purposeful, violent, and aggressive test. That's the import of when you read Sykes and Begay together. So there is no bright line rule. There are certain, McFaul was incorrectly decided it's overbroad. You have to look at the offensive conviction. You have to look at how state law looks at its own mens rea. And in South Carolina, the mens rea is in fact a conscious disregard which is sufficient to meet the purposeful test under Begay. And certainly the Peterson case, it's not, it's dicta as to the holding or the language with respect to South Carolina law. But the holding of the case really does draw a line between between actions that are consciously disregarding the risk and ones that are not. That's the holding of the case. So it's dicta as to the South Carolina statute but as to the North, as to the actual legal ruling, it's not dicta. So Peterson strongly supports the notion that if reckless, if an offense may be committed recklessly and the state defines reckless conduct as conscious disregard of a risk, that is sufficient to meet Begay. The only thing I'll say about the other two parts of Begay which focus on violent and aggressive, it's a little circular, right? I mean the question is whether something is violent and aggressive so that it is defined as a violent felony. When you read the cases, what the cases try, seem to be trying to There's an and rather than an or, right? That's correct. Violent and aggressive. That's correct. Not or. I apologize. The the the cases seem to be just describing from the court's perspective a sense of the offense. That's the only way I can describe the way the discussions take place. They simply go through knowing what the what the offense is about, whether that's kind of a offense, you know, an aggressive and violent crime or not. What's the sense of the offense? And Do you think that it is because we are applying, the court is applying a clear test to the case or the court is trying to figure out what to do with the case and sort of what the appropriate test is? My sense is the latter, Judge Shedd. I mean, Justice Scalia in a recent, one of the  Abhan decisions, his opinion was that the whole thing ought to be thrown out as void, void for vagueness. So there's clearly some concern about the language. But the way it's been about Abhan or the Akka, Akka, Akka. I apologize. Federal law. Yeah, federal law. No, no, no. No, Judge. He could have been. So, okay. So I've talked briefly about the similar and kind test. When you get to this, the similar in degree of risk, Justice Alito laid out the test. You look at the ordinary, typical Abhan conviction. Now again, I'm embarrassed to say that I relied only on the published cases, and I don't know if there's some ordinary case that has been discussed that's different from that. But we cited on pages 29 to 31 virtually every Abhan conviction that we could find in South Carolina. And they're all violent cases with serious risk of physical harm to somebody. And clearly, each of those cases on their actual holdings would meet the similar in degree of risk to extortion, arson, and burglary. But there are some of the circumstances of aggravation  the Supreme Court of South Carolina that are not violent. That's correct, Your Honor,  relying on the force element of ACCA. We're relying on the residual clause. Was that a distinction without a difference? Or with a difference? You say it's with a difference. It should be different, because the language under the force clause seems to require the use of force, the threatened use of force, or the attempted use of force. The residual clause is an or. It can be either the force clause or the or clause. And the or clause is looking at whether it involves conduct otherwise involves conduct that presents a serious potential risk of physical injury to another. And that language lines up actually quite closely to the Abhan definition under common law. It says unlawful act of violent injury to another accompanied by circumstances of aggravation. Now, Judge King, I take your point, which is when you look at the descriptions of the circumstances of aggravation, examples of circumstances that might qualify, they do seem to be on the outer edges  of  definition of physical injury. And so, my point is, Congress seems to have identified certain offenses that might lead to serious injury. And the infliction of shame falls within the same range of offenses that could result in physical injury or serious physical injury. But I do understand what you're saying, which is some of them seem to be on the outer edges, but each of them certainly fall within the  of        what you're saying, which is some of them seem to fall within the same range of offenses that could result in physical injury or serious physical injury or serious physical injury. And I do understand what saying, which is some  seem to fall within the same  offenses that could result in physical injury or physical injury. And I injury or physical injury or physical     or physical  or clinical injury. When the opponent said yes because I believe that his lawyer told me that this offense could still be committed recklessly. If it's divisible, it can still be committed recklessly. All you have on this record is that this defendant pled to assault, battery, and high and aggravated nature. He did not plead to a lesser included offense. The sentencing of this defendant has an element to it that the offense does not have. All you know is that this defendant pled to assault, battery, and high and aggravated nature. That's it. You can't look at the indictment and I think DeCamps is clear on this, I think Alston is clear on this, I think Shepard is clear on this, you can't look at this indictment and then convert it to what the government wants it to be, an attempted assault with a deadly weapon. You're going far afield from what DeCamps says you do in these particular cases. You're only identifying the elements of the offense. You're not identifying what the conduct was in the offense. And in this case, even if you were to go and say under the modified categorical approach, you would just have the common law offense of assault in high and aggravated nature. You don't know anything more about it. And it's irrelevant. So I think you're getting some real Sixth Amendment questions about trying to find facts about what really happened in this case. And I don't think you can do that. In regard to Amica's excellent argument, let me just say that Peterson addressed a crime of violence under the career offender guideline. The career offender guideline has way more enumerated offenses in it than does the Armed Career Criminal Act. And Judge King, I apologize, you wrote an opinion that had to do with the shank in prison and finding it violent. And you made that distinction that the career offender guideline has a lot more enumerated offenses in it than does the residual clause of the Armed Career Criminal Act. Right, the first point made by Amica's, the question of whether assault matter in high and aggravated nature was never argued in the brief for the purpose Amica's more decided. Based on my recollection, the reason Amica's was never argued was that the juvenile convictions for Abhan didn't count because he wasn't afforded the same protections that an adult would have and therefore they couldn't use those convictions. You have to remember that now under DeCamps, I think DeCamps would be intervening Supreme Court authority, under DeCamps what the court has said is that the categorical approach is an on-off switch. All elements of the offense have to be violent or none are. You don't look at conduct. And in Abhan, with specific regard to the residual clause, the offense can be committed recklessly. This court in Jenkins held that the offense in that case had to be  unless it can be committed either negligently or recklessly. The court then went on to say the court making a felony assessment should focus on whether the specific offense indicates that the offender is more likely to engage in such violence intentionally or purposefully. So I think the court did make a distinction in Jenkins and that is the distinction with the difference. Thank you very much. Thank you. Thank you, Mr. Nettles. And we'll come down to Greek Council before we do that. I want to specifically thank Mr. Anthony for taking on the assignment on behalf of this court to appear as amicus on behalf of the district court. Thank you very much. We'll come down to Greek  tomorrow morning.             come to you at 630. Thank you very much. We'll come to you at 61 0 8. Thank you, Mr.   you very much.
judges: Robert B. King, Dennis W. Shedd, Stephanie D. Thacker